## DUTY OF AN ELECTRIC RAILWAY COMPANY TOWARD PASSENGERS WHO ARE ATTEMPTING TO ALIGHT.

Court of Appeals for Licking County.

THE OHIO ELECTRIC RAILWAY CO. v. MARGARET J. VAUGHAN.

Decided, October Term, 1915.

*Woman Injured While Attempting to Alight from Car—Duty of Conductor When Aware of Destination of Passenger—Degree of Care Required of Carrier While Discharging Passengers—Charge of Court.*

In an action by a woman who was injured by the premature starting of a car from which she was alighting, a request by the defendant company for the special charge before argument, that if the jury found

"—that the car remained standing for a space of time sufficient for her to alight and then started, that there was nothing to

prevent her alighting while the car was so standing, that she remained standing on the platform step for that period of time, and then started to alight as the car started to move forward, and was thrown and injured thereby, she can not recover"— was properly refused, where the testimony establishes that the place where the accident occurred was a regular stop at which passengers were in the habit of boarding and leaving the cars, that the conductor knew the plaintiff desired to alight at that time and place and was encumbered with bundles, and there was testimony tending to show that she had started to alight when the car was started forward.

*Fitzgibbon, Montgomery & Black,* for plaintiff in error.
*Jones & Jones* and *B. F. McDonald,* contra.

SHIELDS, J.

This was an action commenced in the court of common pleas of said Licking county by the defendant in error, plaintiff below, to recover damages against the plaintiff in error, defendant below, for personal injuries claimed to have been sustained by the defendant in error through the alleged negligence of the plaintiff in error.

The petition of the plaintiff alleged, in substance, that on the 13th day of June, 1913, she being then a passenger on one of the defendant company's cars operating its line of street railway between Zanesville and Newark, Ohio, notified the conductor of said car that she desired to alight therefrom at what is known as the B. & O. crossing on East Main street in the city of Newark; that upon reaching said crossing said car stopped; that upon being notified by the conductor of said car that said car had reached said crossing, the plaintiff thereupon attempted to alight from said car and while in the act of so alighting and when on the steps of said car, said car suddenly and without warning started, throwing the defendant in error violently to the pavement, injuring her as set out in her said petition to which reference is hereby made.

In its answer filed to said petition the defendant company admits that the plaintiff was a passenger on said car at said time, but avers that if she sustained any injuries, her own negligence contributed thereto, first, in not availing herself of reasonable

time and opportunity given her to alight from said car at said place, and secondly, in attempting to alight from said car while it was in motion.

While we do not find any reply to said answer among the files in said case, it was conceded that one had been filed in the nature of a general denial of the allegations contained in said answer.

Said cause was submitted to a jury and a verdict returned for the plaintiff. A motion for a new trial was overruled and judgment entered on said verdict. A bill °of exceptions was duly prepared and filed and a petition in error was filed in this court for a review of said judgment.

Said petition in error contains numerous assignments of error but the grounds of error insisted upon to this court were:

1. That the court below erred in giving certain written requests before argument in charge to the jury on behalf of the plaintiff below, and in refusing to give in charge to the jury before argument certain written requests in writing on behalf of the plaintiff in error, and for error of the court in its general charge to the jury.

2. That said court erred in its instructions to the jury in respect to the duty of the conductor of a car to look after passengers alighting from said car.

3. That the verdict of the jury is against the weight of the evidence and contrary to law.

Numerous requests appear to have been submitted in writing before argument both by the plaintiff and the defendant below with the request that they be given by the court in its charge to the jury, and it further appears that the requests so made by the plaintiff in error were so given, except the last found on pages 155 and 156 of the bill of exceptions, which action of the court in refusing to give said request in charge to the jury is assigned as error. It is apparent that if the requests submitted by the defendant in error, which were given by the court in charge to the jury, contained sound propositions of law, said request of the plaintiff in error was properly refused. Said request is as follows:

"If you find that the plaintiff was standing on the rear platform of the car for the purpose of alighting therefrom when the car was stopped, that the car remained standing for a space of time sufficient for her to alight, and then started, that there was nothing to prevent her alighting while the car was so standing, that the plaintiff remained standing on the platform step for that period of time, and then started to alight as the car started to move forward, and was thrown and injured thereby, she can not recover in this action, and your verdict should be for the defendant."

We think that the foregoing request was properly refused. It appears that the B. & O. crossing at this place was a regular stopping place where passengers were in the habit of getting on and off said defendant company's cars, where the conductor of the car in question knew that the defendant in error desired to alight from said car at said time and place, and where, as the testimony tends to show, said conductor knew that she started to alight from said car. If these conditions were found by the jury to exist, was not the conductor of said car called upon to exercise care, caution and diligence, to see to it that said car was not started until the defendant in error fully and safely alighted from said car, she being in the exercise of due care? And failing to do so, would not the defendant company, under such circumstances, be chargeable with negligence for which it would be liable? Counsel for plaintiff in error cite us to the case of *Transit Co.* v. *Holmes*, 67 O. S., 153, in support of their contention. In that case there was a conflict in the testimony both as to whether the conductor of the car had notice that the defendant in error desired to get off the car at a given place, and whether the defendant in error had not attempted to alight when the car was in motion, neither of which is shown to be the fact in the case before us, for here it is admitted that the car stopped at the B. & O. crossing, that the conductor of the car then notified the defendant of such fact, and the defendant in error testified that she immediately followed the conductor to the vestibule of the car and when she reached the steps of the car in the act of getting off, the car suddenly and without warning started and threw her to the pavement and injured her. Judge Davis in announcing the opinion in the case cited says:

''There is also conflict as to whether or not the conductor had notice of the plaintiff's intention to get off, and whether the plaintiff attempted to get off while the car was moving. If the car had come to a full stop for any purpose and any passenger was in the act of alighting, it would be negligence for the conductor to start the car before such passenger had a reasonable opportunity to get off safely. * * * The law exacts of carriers of passengers a high degree of care for the safety of passengers, according to the circumstances, and this duty ordinarily continues until the passenger is discharged.''

Again, in the case of *Wilson* v. *Columbus, Newark & Zanesville Electric Railway Co.*, reported in Vol. 9, Ohio Law Reporter, page 594, which was affirmed by the Supreme Court of this State, the trial judge charged the jury as follows:

''The fact that at the place where this car stopped was a railroad crossing, which required the conductor to go forward and signal the car under his control to move forward, and that the conductor did so, did not excuse the conductor from exercising the care, caution and prudence required by law to know or see that the plaintiff was fully alighted from the car before having it started. On the contrary, it was his duty, if the car stopped and it was necessary to protect the plaintiff as a passenger and save her from injury, to exercise due care, caution and prudence to see and know that she was safely alighted from the car before going forward or having the car started, and if he failed to do so the defendant is guilty of negligence.''

And in discussing the care required of a carrier toward passengers in getting on and off its cars, *Thompson on Negligence*, Section 3520, says:

''The high degree of care which the law puts upon the carriers of passengers is not fulfilled in the case of a street railway carrier, unless its servants before putting the car in motion, see and know that all passengers in the act of alighting have succeeded in doing so in safety, and that no passenger is in such a situation as to be put in peril by the starting car.''

Again, said section further says:

''It is the duty of the conductor before putting a car in motion, to see and know that no passenger is alighting or otherwise in a position which would be rendered perilous by starting the car.''

And further:

"It is not enough that a reasonable time was given to allow passengers to alight; the carrier has no right to put his vehicle in motion and imperil life and limb, although they may have .taken an unreasonable time."

What might be a reasonable time to one, might be an unreasonable time to another. The cripple, the aged, the blind, or one lumbered up with luggage, as was the case here, might have much to do in determining what was or what was not a reasonable time to get off. The view we entertain of the obligation of the defendant company, under the circumstances detailed in the testimony in the case before us, is that in discharging passengers from cars at regular stopping places, they should be allowed not only a reasonable time to alight therefrom, but the duty rests upon the conductor or other employee having charge of such cars to look to it that such passengers are safely discharged before starting the car in motion again, and if such passengers are in the act of alighting and are exposed to danger, such duty becomes the more apparent.

For the foregoing reasons we think the court below did not err in refusing to give said request, nor do we think that the said court erred in giving the written requests to the jury which were submitted by the defendant in error before argument, including the following:

"If the door on the left-hand side of the vestibule of the car was open when the plaintiff reached the vestibule of the car on her way to get off said car, it constituted an invitation to the plaintiff to use the left-hand side of the vestibule to get off, and her act in leaving the car on that side did not under the circumstances amount to contributory negligence."

As counsel for plaintiff contend, the foregoing request is evidently incomplete, in this, that in the line next to the last line a word is omitted. In considering the entire charge of the court, we think it was obvious to the jury that such omission referred to the circumstances of the case, as shown by the evidence, and that the jury were not misled by such apparent unintentional omission.

As to the verdict of the jury being against the weight of the evidence, it is apparent that there is a conflict in the evidence, but there is evidence tending to support the claim of the defendant in error as made in her petition, and under the holding in the case of *Gibbs* v. *Village of Girard,* 88 O. S., 34, we do not feel at liberty as a reviewing court to disturb the finding of the jury.

Other assignments of error are made in said petition in error, all of which we have examined, and we find no such error in the record for which the judgment of the court below should be reversed.

Upon the whole case, we are of the opinion that substantial justice has been done between the parties hereto by the verdict rendered, and find no difficulty in reaching the conclusion that the judgment of the court of common pleas should be affirmed and it is so ordered.

HOUCK, J., and FERNEDING, J. (sitting in place of POWELL, J.), concur.